Johnson, J.
Prom the petition, it appears that the words charged, if disconnected with the circumstances under which they were uttered, are actionable per se. These circumstances disclose the fact, that they were uttered while the defendant below was giving his testimony in a trial before a justice of the peace. It appears, there was an action then on trial, wherein one Bealer was plaintiff, and defendant in error and his brother were defendants. It does not appear what the nature of that action was, nor in whose behalf the plaintiff in error testified. We infer from what follows that Bealer’s suit related to services rendered by him to the Gaster brothers. The plaintiff in error was sworn as a witness, and during his examination testified ,that Bealer had in the fall of 1871 put in all the wheat on the farm of the Gaster brothers, the defendants in that action. He was then asked, where the Gaster boys were at the time. He answered, “ Jacob Gaster” (meaning the plaintiff below in this action), “ had run away.” He was then asked why he had runaway. He answered, “Por poisoning old man Wagner.” He was further asked how he knew. He - said, “Everybody says so.”
These statements were made in the presence of the court, jury and spectators, while defendant in error was giving evidence as a sworn witness. Petition charges that this evidence was false and malicious and was given for the purpose of injuring the plaintiff below, and of causing it to believed that he was guilty of poisoning old man Wagner. It does not appear what was the ■ nature of the cause of action then on trial, nor whether the evidence so given was or was not relevant to the issue. Under the circumstances we must assume that it was pertinent and material. It may fairly be presumed from the tenor of the examination that it was called out upon cross-examination by the defense in that action.
■ The court of common pleas held, that the witness was protected from an action for slander while giving such testimony in that case ; in other words his testimony was what was known *635 as a privileged communication. The district court held, that it was not. The question therefore is, whether a witness, who gives testimony pertinent to the issue in a judicial proceeding, is liable to an action of slander because such testimony is false and malicious. It is not averred that the witness hnew, when he made these statements, that they were false. For aught that appears, he may have believed them to be true, though they were, in fact, untrue. He could not be convicted of perjury unless it appeared that his testimony was not only false but that it was willfully and knowingly made.
We are not called upon, 'in the case at bar, to determine whether there may not be cases where a witness may not subject himself to an action for damages for statements made while giving his testimony, where he abuses his privileges'as a witness, and makes it an occasion to utter defamatory words against another, where the words are false, are not relevant to the issue, and where he is actuated by express malice.
The general rule is, that language used in the ordinary course of judicial proceedings, whether by the judge, a party, counsel, jurors or witnesses, is protected if it be relevant to the matter under consideration, and the court have jurisdiction.
The privilege accorded to a witness, under such circumstances, is founded upon public policy. The due administration of justice requires that a witness should be perfectly free to speak according to his belief, without regard to consequences. He is sworn to tell the truth, the whole truth, and nothing but the truth, concerning the matter in trial. While doing so in good faith, he is absolutely privileged, and cannot be found guilty of perjury, nor is he liable to a civil action : thus far all the authorities agree.
An eminent author thus states the reason of the rule: *636 countable to conscience alone, or perhaps to a supervising public sentiment, but not to the courts. What would be the condition of the witness, for instance, were he under the necessity of calculating, when giving his testimony, not merely whether it satisfied his conscience, but also whether he could prove it to be true, should he be sued for slander in giving it ? It is beyond doubt that to subject him to such responsibility, would at least detract largely from the reliability of evidence, and multiply the opportunities for operating upon the fears of witnesses to the serious detriment of justice.” Cooley on Torts, 211.
*635 “We unhesitatingly recognize the fact that in many cases, however damaging it may be to individuals, there should and must be legal immunity for free speaking, and that justice and the cause of good government would suffer if it were otherwise. With duty often comes a responsibility to speak openly, and act fearlessly, let the consequences' be what they may ; and the party upon whom the duty was imposed, must be left ac-
*636 In a recent English case (Munster v. Lamb, 23 American Law Register, 12; 11 L. R., Q. B. Div. 588), Brett, Master of the Rolls, says:
“ Actions for libel and slander have always been subject to one principle; defamatory statements though they may be actionable on ordinary occasions, nevertheless are not actionable when they are made upon certain occasions; it is not that these statements are libel and slander subject to a defense, but the principle is, that defamatory statements, if they are made on a privileged occasion, from the very moment when they are made, are not libel or slander of which the law tabes notice.”
Malice is either express or implied. If the occasion is such that the statement is privileged, the presumption of legal or implied malice is rebutted, and the burden is on the plaintiff to aver and prove malice in fact, or express malice, but even such malice does not render the words of a witness, who testifies, in good faith,to matters deemed by the court wherein he is testifying to be admissible, actionable, even though the testimony be irrelative to the issue. If the witness, in such a case, believe his statements to be true, though in fact they are false, malice in fact will not render him liable in damages.
What his liability in this respect may be, if he was guilty of intentional falsehood, and actual malice, we need not here determine, as the case made does not require it.
Neither does it require us to "determine such liability if a witness disregard the obligations of his oath, and willfully and *637 maliciously perverts the truth, and takes advantage of his position, to utter false, malicious and slanderous words.
Whether, in such cases, a witness is liable only to an indictment for perjury, as many authorities hold, or may also be liable to a civil action, as others maintain, is a question not now before us.
In the case at bar, the inference or presumption of malice that would arise, if the words were not spoken as a witness in a judicial proceeding, is rebutted by the occasion stated. Odgers on Libel and Slander, 186-193 ; Cooley on Torts, 211-215.
The burden of removing this presumption and of averring and proving a state of facts that would not justify a witness in claiming protection, rests upon the plaintiff.
The case made by the petition raises no question of fact 'for a jury. Whether a question is privileged, is a question of law. The petition does not make, if we concede one could be made, a case of a qualified privilege, to be submitted to a jury. The testimony was given before a competent court, by a sworn witness, in answer to pertinent interrogatories. His answers were, so far as we are advised, material to the case, made in good faith, and believed to be true, though in fact false. It is not averred that he went outside of his duty, and abused his privilege by knowingly and willfully uttering false and defamatory words.
This being so, public policy demands that he should be protected, even though he was actuated by malice, as well as a purpose to perform a duty imposed by law upon him as a witness. 23 Am. Law Register, note to case on p. 12; Lanning v. Christy, 30 Ohio St. 115.

Judgment of the district court reversed and that of the common pleas affirmed.